

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2003

# Small v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3275

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Small v. Comm Social Security" (2003). *2003 Decisions*. Paper 724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3275
_____


GARY SHERWOOD SMALL

Appellant,

v.

THE COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-00756)
District Judge:  The Honorable Donald E. Ziegler

_____


Submitted Under Third Circuit LAR 34.1(a)
March 14, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON, Circuit Judges.


(Filed                      March 24, 2003                      )

_____


OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Gary S. Small appeals from the judgment affirming the Commissioner's denial of his claim for disability benefits under the Social Security Act.  Small alleges that he was disabled before his insured status ran out in 1996.  Specifically, Small contends that his disability is caused by post-traumatic stress disorder (PTSD) stemming from his 1965 1967 war duty in Vietnam.

We have jurisdiction pursuant to 28 U.S.C.  1291.  Because the Commissioner's final decision was supported by substantial evidence, we will affirm.

I.

Small filed an application for disability benefits on January 13, 2000.  He alleged disability since July 1, 1991, as a result of back and foot pain.  He also alleged disability based on post-traumatic stress disorder.  His application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge (ALJ), which was held on October 19, 2000.  Small was represented by counsel at this hearing and testified in his own behalf.  A vocational expert also testified.  The ALJ issued his decision in the matter on November 13, 2000, finding that Small did not have a severe impairment and, therefore, was not disabled for purposes of the Act on

or before his date last insured, December 31, 1996. The Appeals Council affirmed the ALJ's determinations on March 21, 2001.

II.

The Report and Recommendation filed by the United States Magistrate Judge in this case accurately summarizes the relevant medical testimony. (Appendix 17-23). We will paraphrase. Small was fifty-four years old at the time of the ALJ's decision. He has a high-school equivalent education and served in the United States Marine Corps from 1963 to 1967. This service included combat duty in Vietnam from 1965 to 1967. Small worked as a truck driver for a computer delivery company and was last employed in 1991 in Okinawa, Japan as an assistant sports director on a military base. This employment was terminated following an argument with his supervisor. Small testified that this argument stemmed from his refusal to complete an assigned task due to his back pain. Small was imprisoned in Japan from December 1992 until December 1996 for smuggling firearms. While in prison, Small testified that he performed supervisory chores on an occasional basis.

Upon his return to the United States, Small indicated that he was unable to work because of back pain. Small testified to having back surgery in 1972, 1974, 1975 and 1980. In April of 1999, Small sought psychiatric care when he presented himself to a Veteran's Administration hospital complaining of depression and anxiety related to receiving a subpoena. This is the first instance of mental health problems or psychiatric treatment in the record. Small also indicated that he purchased a firearm for his personal protection when he returned to the United States and was subsequently charged with a crime. He testified that this situation caused him extreme anxiety. Small began attending group therapy sessions and was eventually diagnosed with post-traumatic stress disorder in July of 1999. Small's treating psychiatrist, Barry Fisher, M.D., classified Small's disorder as "chronic" and "severe."

The ALJ determined that because no medical evidence supported Small's assertion of disability at any time prior to December 31, 1996, Small was not disabled prior to that time.

III.

This court reviews the Commissioner's final decision to determine whether the decision was supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 564 65 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Disability is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A) (Supp.2002); 20 C.F.R. 404.1505(a) (2002). A claimant is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A). The Commissioner must perform a five-step sequential evaluation process to make disability determinations under the regulations. See 20 C.F.R. 416.920. If the claimant fails to meet the requirements at any step in the process, the Commissioner may conclude that the claimant is not disabled under the Act. The ALJ must determine, in order: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. See 20 C.F.R. 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262 63 (3d Cir. 2000). A claimant has the burden to establish that he is disabled under the Act. See 20 C.F.R. 404.1512, 416.912.

In this case, the ALJ found that while Small's testimony may accurately reflect his current status, there was no medical evidence showing that the PTSD had arisen by

1996.  The ALJ denied Small's claim, finding, at step two, that Small failed to establish the existence of a severe impairment during this insurance period.

                                    IV.

    At the hearing, Small's counsel argued to the ALJ that Small's post-traumatic stress disorder should relate back to his service in Vietnam and, as a consequence, Small had a severe impairment during the period he was insured and that he should be found disabled.  The ALJ rejected this argument, indicating a lack of substantial evidence.  Small raises this argument on appeal.  We review the Commissioner's final decision to determine whether the decision was supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce, 487 U.S. at 564 65 (quoting Consolidated Edison Co., 305 U.S. at 229).

    Small argues that the ALJ should have applied the teaching of Jones v. Chater, 65 F.3d 102 (8th Cir. 1995) to his application for disability benefits.  The claimant in Jones, a wounded, combat veteran of the Vietnam war, argued that his disability was caused by post-traumatic stress disorder stemming from his military service.  The record in that case was barren of any further medical reports mentioning mental difficulties until 1991 when Jones sought diagnosis and treatment for possible PTSD. He was subsequently diagnosed as suffering from the disorder by three mental health professionals.  The record in that case also contained statements by Jones' relatives regarding dramatic changes in his personality since his service in Vietnam.  The ALJ determined that there was no medical evidence showing that Jones' PTSD had arisen by 1975, his last date insured.  The ALJ denied benefits and was affirmed by the District Court.  The Court of Appeals for the Eighth Circuit held that retrospective medical opinions are usually insufficient to establish disability.  However, when the record contains some corroboration of claimant's condition during the insured period by lay witnesses, such as family members, retrospective medical diagnosis may suffice in determining the impairment onset date.  See Jones, 65 F.3d at 104.

    Small's case differs from Jones' in one important aspect.  The record here is devoid of any evidence that the ALJ could have considered in corroborating Small's claim of PTSD and his physician's retrospective diagnosis.  It is important to note that the ALJ did not find that Small had no psychological problems before December 31, 1996, but rather that the medical evidence did not establish any problems prior to that time.  Moreover, there is no record evidence of testimony by relatives, co-workers or other sources that may have been used to corroborate the medical reports.  To the contrary, the record indicates that Small was gainfully employed from 1985 until the alleged onset date of 1991 as a warehouse assistant and an assistant sports director in Japan.  Also, as pointed out by the ALJ, Small voluntarily ceased his employment after a disagreement with his supervisor not because of any alleged psychological difficulties.  Given this lack of corroborating evidence, the ALJ's determination that Small failed to establish the existence of a severe impairment during this insurance period is supported by substantial evidence.

    Having reviewed the record evidence in this case, we find that the ALJ's decision is supported by substantial evidence.  As such, we affirm the District Court's order granting summary judgment for the Commissioner.

_____

TO THE CLERK:

Please file the foregoing opinion.


                     /s/Richard L. Nygaard
          _____
          Circuit Judge